288 F.2d 375
 109 U.S.App.D.C. 391
 BANK VOOR HANDEL EN SCHEEPVAART, N.V., Appellant,
v.
Robert F. KENNEDY, Attorney General of the United States, as
Successor to the Alien Property Custodian, et al.,
Appellees.
N.V. HOLLANDSCH-AMERIKAANSCHE BELEGGINGS-MAATSCHAPPIJ
(Holland-American Investment Corporation), Appellant,
v.
Robert F. KENNEDY, Attorney General of the United States, as
Successor to the Alien Property Custodian, et al.,
Appellees.
N.V. HANDELSCOMPAGNIE RUILVERKEER, Appellant,
v.
Rober F. KENNEDY, Attorney General of the United States, as
Successor to the Alien Property Custodian, et al.,
Appellees.
N.V. HANDELS-EN-TRANSPORT-MAATSCHAPPIJ, 'VULCAAN', Appellant,
v.
Robert F. KENNEDY, Attorney General of the United States, as
Successor to the Alien Property Custodian, et al.,
Appellees.
 Nos. 15932-15935.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 20, 1960.
Decided Feb. 23, 1961.
 
 Mr. Robert L. Augenblick, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Lawrence C. Moore, Washington, D.C., was on the brief, for appellants.
 Mr. Authur R. Schor, Attorney, Department of Justice, with whom Miss M. Magdalena Schoch, Attorney, Depatment of Justice, was on the brief, for appellees.
 Mr. Walter A. Slowinski, Washington, D.C., filed a brief on behalf of J. H. van Roijen, Ambassador Plenipotentiary, Kingdom of the Netherlands, as amicus curiae, urging reversal.
 Before EDGERTON, PRETTYMAN, and FAHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Because their country was occupied by the enemy, property of appellant Netherlands corporations was vested during World War II under 5 of the Trading with the Enemy Act. 40 Stat. 411, 415, as amended, 50 U.S.C.A.Appendix, 5. After failing to recover the property in an administrative proceeding, appellants filed complaints demanding its return. The District Court dismissed the complaints for lack of jurisdiction.
 
 
 2
 By 9(a) of the Trading with the Enemy Act 'any person not an enemy or ally of enemy' who claims an interest in vested property and fails torecover it by administrative action may sue to establish his claim. By 2 of the Act 'enemy' means '(a) Any individual, partnership, or other body of individuals, of any nationality, resident within the territory (including that occupied by the military and naval forces of any nation with which the United States is at war, or resident outside the United States and doing business within such territory, and any corporation incirporated within such terrotory of any nation with which the United States is at war or incorporated within any country other than the United States and doing business within such territory.'
 
 
 3
 This definition covers appellants and therefore 9(a) gives them no right to sue. 'The only express provision in the Trading with the Enemy Act for recourse to the courts by those claiming the return of property vested during Waorld War II is that contained in 9(a).' Schilling v. Rogers, 363 U.S. 666, 671, 80 S.Ct. 1288, 4 L.Ed.2d 1478. Here, as in Schilling, no implied provision covers the case. By 7(c) of the Act the sole remedy of any person claiming vested property is 'that provided by the terms of this Act.' This is a suit against the United States to which the United States has not consented.
 
 
 4
 The treaty of 1957 between the Netherlands and the United States assures Netherlands nationals full access to United States courts but does not waive sovereign immunity, mention the Trading with the Ememy Act, or create causes of action which Congress has refused to create.
 
 
 5
 Affirmed.